**Robert MOONEY, et al., Plaintiffs,**

**v.**

**ARAMCO SERVICES COMPANY and
Arabian American Oil Company,
Defendants.**

**Civ. A. H–87–498.**

United States District Court,
S.D. Texas.

May 23, 1991.

Gregg M. Rosenberg, Houston, Tex., Raymond Fay, Thomas Gibbon, Bell, Boyd & Lloyd, Washington, D.C., Thomas Meites, Michael M. Mulder, Meites, Frackman & Mulder, Chicago, Ill., Thomas G. Hughes, Schulusser Reiver Hughes & Sisk, Wilmington, Del., for plaintiffs.

Thomas F. Kaus, pro se.

Dennis Reich, Houston, Tex., for McMillan.

John L. McConn, Jr., McConn & Hardy, A. Thomas Kajander, Sharpe & Kajander, Houston, Tex., for Brunst.

William Welte, Houston, Tex., for Aramco Services Co.

V. Scott Kneese, Victoria Corcoran, Bracewell & Patterson, Houston, Tex., Peter M. Sieglaff, Potter Anderson and Corroon, Wilmington, Del., for Arabian American Oil Co.

## OPINION ON DENIAL OF PARTIAL SUMMARY JUDGMENT

HUGHES, District Judge.

Robert Mooney brought a respresentative action against his former employer, Arabian American Oil Company (Aramco), for violations under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act (ADEA). Of the 166 individuals who chose to opt into the suit, 133 filed their consents after the ADEA statute of limitations period. Aramco moved to dismiss these 133 claims under the ADEA statute of limitations provision, 29 U.S.C. § 626(e). In denying Aramco's motion for partial summary judgment, this court holds that the original class complaint commenced the actions for all certified potential plaintiffs who later opted into this litigation.

### 1. Background.

Robert Mooney was employed by Aramco in Saudi Arabia for eleven years. Mooney alleges that during this time he and other non-Arab and non-Muslim employees were the victims of an overt Aramco policy of "Saudi-izing" the company. Mooney alleges that he, and others similarly situated, were subjected to discriminatory treatment and layoff based on race, religion, national origin, and age. All of the plaintiffs were fired in 1985 or 1986.

On February 17, 1987, Mooney brought a representative action against Aramco under Title VII of the Civil Rights Act and the ADEA. The original complaint alleged class-wide discrimination and was brought individually and on behalf of others similarly situated. Several similar cases were later consolidated with this litigation.

After the class was certified, 160 individuals chose to participate in the suit. Under the ADEA statute of limitations provision, claims must be commenced within three years from notice of termination. 29 U.S.C. § 626(e). Out of these 160 individuals, 133 filed their consents more than three years after receiving their notice of termination. Aramco moved for partial summary judgment seeking to dismiss these 133 claims as untimely. The question presented by Aramco's motion is the time at which the unnamed plaintiffs' actions are commenced in ADEA representative suits, when the unnamed plaintiffs opt into the suit after it is filed. There are three possible commencement dates.

### 2. Consent Date as Commencement.

■ Aramco's statute of limitations defense relies on the application of the special tolling mechanism of 29 U.S.C. § 256, part of the Fair Labor Standards Act (FLSA). Under § 256, the unnamed plaintiffs in FLSA representative suits must file a written consent with the court to commence their individual claim. 29 U.S.C. § 256. Aramco argues that because the 133 claimants failed to commence their claims under § 256 within the three year limitations period, the claims are therefore barred. ADEA representative suits, however, are not governed by 29 U.S.C. § 256.

The application of § 256 is refuted by the clear language of the ADEA. Incorporation of the FLSA in the ADEA was ex-

press and selective. Although Congress borrowed heavily from the FLSA in constructing the ADEA, Congress did not adopt every provision of the FLSA. "[I]n enacting the ADEA, Congress exhibited both a detailed knowledge of the FLSA provisions and their judicial interpretation and a willingness to depart from those provisions regarded as undesirable or inappropriate for incorporation." *Lorillard v. Pons,* 434 U.S. 575, 581, 98 S.Ct. 866, 870, 55 L.Ed.2d 40 (1977).

Section 256 is not among the sections of the FLSA incorporated into the ADEA. *Morelock v. NCR Corp.,* 586 F.2d 1096, 1103 (6th Cir.1978), *cert. denied,* 441 U.S. 906, 99 S.Ct. 1995, 60 L.Ed.2d 375 (1979). *See also EEOC v. Gilbarco, Inc.,* 615 F.2d 985, 1011 (4th Cir.1980), *but see O'Connell v. Champion Int'l Corp.,* 812 F.2d 393, 394 (8th Cir.1987).

Congress's incorporation of the FLSA consent requirement of 29 U.S.C. § 216(b) does not undermine the conclusion that Congress chose not to incorporate § 256. Sections 216 and 256 address different matters. Section 216 addresses the jurisdictional issue of who will be bound by the judgment, namely, those who opt in. Section 256 addresses the statute of limitations question. "Congress could logically and sensibly have chosen to incorporate § 216(b) and exclude § 256 from the ADEA as the unambiguous statutory language suggests Congress did." *Vivone v. Acme Markets,* 687 F.Supp. 168, 169 (E.D.Penn. 1988).

### 3. *Notice of Class–Wide Liability as Commencement.*

In *American Pipe & Construction Co. v. Utah,* the Supreme Court noted that statute of limitations periods are designed to prevent unfair surprises caused by the revival of stale claims. *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974). The Court concluded that "the filing of a timely class action complaint commences the action for all members of the class subsequently determined." Applying the *American Pipe* rule, the statute of

limitations period should toll upon the notice of liability. Aramco argues that the *American Pipe* rule cannot be applied in ADEA litigation.

■ Aramco contends that because the *American Pipe* rule was articulated in a Rule 23 class action case, the rule cannot be applied to similar facts in ADEA representative suits. Aramco relies on the court of appeals's holding in *LaChappell* that, in contrast to the opt-out rule of Rule 23 actions, ADEA plaintiffs must affirmatively opt into the litigation in order to participate in the suit. *LaChappell v. Owens–Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir. 1975). Although *LaChappell* concluded that Rule 23 class actions and ADEA class actions are mutually exclusive, *LaChappell* only addressed a purely jurisdictional question involving the application of the § 216 enforcement provision. The statute of limitations question was not before the court.

Having noted the distinction between Rule 23 and ADEA actions, both Rule 23 class actions and ADEA representative actions present the potential for unfair surprise created by an unknown class of plaintiffs. The potential for surprise is prevented, in both types of actions, by placing the defendant on notice of the scope and nature of its potential liability. The notice of liability prevents surprise and will toll the limitations period. In the absence of a special tolling rule for the unnamed plaintiffs, this court sees no reason not to apply the normal rule for commencement as set forth in *American Pipe* for the claims and claimants sufficiently described by the notice. In class actions under the ADEA, the statute of limitation is tolled when the claims and potential class plaintiffs are described with sufficient particularity to put the defendant on notice about those claims and the potential class size.

### 4. *The Original Complaint as Commencement.*

■ The filing of the original complaint is our third commencement option. The statute of limitations is tolled for the type of claim and for those claimants specified in the complaint. A complaint brought

by a named individual tolls the statute of limitations for that individual alone. The claims of others will not commence until the defendant has notice of their potential claims. The original complaint will not toll for unnamed plaintiffs, unless it meets the requirements of sufficient particularity outlined above.

In this case, class-wide allegations were made in Mooney's original complaint. It:

A. States the statutory bases of his claims;

B. Describes the persons on whose behalf he brings the claim:

(1) All current exempt, American, non-Moslem Aramco employees who work in Saudi Arabia; and

(2) All former exempt, American, non-Moslem Aramco employees who worked in Saudi Arabia any time since March 6, 1985;

C. States that the named plainfiffs' claims are typical of those of the unnamed class members; and

D. Describes the Aramco acts that support his claims: Discrimination on the basis of religion, race, national origin, and age.

Because it sufficiently notified Aramco of both the claims and the number and identity of potential claimants it could expect to face at trial, Mooney's original complaint gave Aramco notice of its potential class-wide complaint. The claims of the unnamed plaintiffs who later opted into this case relate back to the date of the original complaint and, therefore, were filed within three years of the plaintiffs' notice of termination.

5. *Conclusion.*

Since there is no statutory provision to the contrary, it is appropriate to apply the normal commencement rule for class actions. This lawsuit commenced when Mooney's original complaint alleging class-wide discrimination was filed on February 17, 1987. The complaint commenced the actions of all certified claimants who later chose to join the suit. Having properly opted into a representative action timely filed, the 133 plaintiffs are not barred by the ADEA statute of limitations provision.

Aramco's motion for partial summary judgment will be denied.